UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SANTRISE N. WEBB, *et uno*,

                  Plaintiffs,

-v-

LE'GREG O. HARRISON, *et al.*,

                  Defendants.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/5/2015

No. 14-cv-5366 (RJS)
OPINION AND ORDER

RICHARD J. SULLIVAN, District Judge:

    Plaintiffs Santrise N. Webb ("Webb") and The Board Administration, Inc. (collectively, "Plaintiffs") originally brought this action in New York State Supreme Court against Defendants Le'Greg O. Harrison ("Harrison"), Clayton Mitchell ("Mitchell"), Muhammad Hill ("Hill"), and Walker Johnson ("Johnson") (collectively, "Defendants"), alleging, in essence, that Defendants bilked Plaintiffs out of investments made in The Board Administration, LLC – a management company and record label. Defendants removed the action to this Court on the basis of diversity jurisdiction. Now before the Court is Plaintiffs' motion to remand for lack of subject matter jurisdiction. For the reasons set forth below, Plaintiffs' motion is denied.

I. BACKGROUND[1]

    Plaintiffs commenced this action by filing a summons with notice in New York State Supreme Court, New York County, on May 30, 2014. (Mem. at 2.) Thereafter, Plaintiffs filed an Amended Complaint on June 23, 2014, asserting myriad causes of action arising out of the disputed

---

[1] In deciding Plaintiffs' motion, the Court has considered Defendants' Notice of Removal (Doc. No. 2 ("Not. Rem." or "Notice")), Plaintiffs' memorandum of law in support of the instant motion (Doc. No. 14 ("Mem.")), Defendants' memorandum of law in opposition (Doc. No. 11 ("Opp'n")), and the materials submitted in support of the foregoing.

ownership and control of The Board Administration, LLC. (Mem. Ex. E.) On July 16, 2014, Defendants removed this action to this Court pursuant to 28 U.S.C. § 1446 on the basis of diversity jurisdiction. (Not. Rem.) Thereafter, on August 15, 2014,[2] Plaintiffs filed the instant motion to remand (Doc. Nos. 9, 13, 14), which was fully briefed on August 29, 2014 (Doc. Nos. 11, 12).

## II. LEGAL STANDARD

A defendant in an action pending in state court may remove that action to federal court only if the pending action could have originally been brought in federal court on the basis of either federal question jurisdiction or diversity jurisdiction. *See* 28 U.S.C. § 1441(a). "In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) (citation omitted). If the removing party is invoking diversity jurisdiction, it is that party's burden to demonstrate, by a preponderance of the evidence, that complete diversity among the parties existed not only at the time of removal, but also when the state complaint was filed. *See Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 56–57 (2d Cir. 2006) ("We generally evaluate jurisdictional facts . . . on the basis of the pleadings, viewed at the time when defendant files the notice of removal."); *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) ("[W]here [the] basis

---

[2] Plaintiffs originally filed the instant motion to remand on August 15, 2014 (Doc. No. 9); however, that filing prompted the ECF system to generate an error message, "FILING ERROR – DEFICIENT DOCKET ENTRY," and Plaintiffs did not refile the motion until September 11, 2014 (Doc. Nos. 13, 14). Notwithstanding that error message, Plaintiffs' August 15 filing resulted in the ECF system generating a Notice of Electronic Filing ("NEF"). As a result, there are no timeliness concerns associated with Plaintiffs' motion to remand. *See Corley v. Spitzer*, No. 11-cv-9044 (RJS), 2015 WL 127718, at *3 (S.D.N.Y. Jan. 7, 2015) ("Courts in the Southern District of New York routinely decline to consider motions to be untimely based on a failed ECF filing, particularly where a NEF was generated upon an original, timely filing." (citations omitted)).

of removal is diversity[,] then diversity of citizenship must exist at [the] time [the] action was filed in state court as well as at [the] time of removal." (citation omitted)); *id.* at 305 ("Where, as here, jurisdictional facts are challenged, the party asserting jurisdiction must support those facts with competent proof and justify [its] allegations by a preponderance of [the] evidence." (citation and internal quotation marks omitted)). A case must be remanded to state court "[i]f the record . . . does not reflect diversity." *Vasura v. Acands*, 84 F. Supp. 2d 531, 535–36 (S.D.N.Y. 2000); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

### III. DISCUSSION

In seeking remand to state court, Plaintiffs argue that: (1) the requirements of diversity jurisdiction have not been met, thereby depriving the Court of subject matter jurisdiction; (2) Defendants' Notice was untimely; and (3) Defendants waived their right to remove by litigating the state court action. (*See* Mem. at 5–13.) The Court will address each contention in turn.

#### A. Diversity Jurisdiction

The parties agree that the only potential source of federal subject matter jurisdiction over this action is diversity jurisdiction pursuant to 28 U.S.C. § 1332. "In relevant part, that statute establishes that diversity jurisdiction exists over civil actions . . . between citizens of different States . . . ." *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001) (citing 28 U.S.C. § 1332(a)(1)–(2) (internal quotation marks omitted)); *id.* ("[D]iversity jurisdiction is available only when all adverse parties to a litigation are completely diverse in their citizenships."). Plaintiffs contend, however, that Defendants failed to adequately establish the citizenship of the parties since there was "no proof of citizenship provided for any Defendant, such as an address or

3

any other information." (Mem. at 8.) Where, as here, removal is based on diversity jurisdiction, "[t]he district court's inquiry cannot be limited to the complaint, as it often can be when removal is based on federal question jurisdiction, because certain matters critical for determining diversity jurisdiction, such as the citizenship of the parties or the amount in controversy, may not appear in the state court complaint." 14B Wright & Miller, Federal Practice and Procedure § 3723 (4th ed. 2008); *see also United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) ("[The] usual rule is that removability is determined from the record as of the time the petition for removal is filed but where [the] basis of removal is diversity then diversity of citizenship must exist at [the] time [the] action was filed in state court as well as at [the] time of removal." (citing 14B Wright & Miller § 3723). Additionally, "the party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court." *MBIA Ins. Corp. v. Royal Bank of Canada*, 706 F. Supp. 2d 380, 386 (S.D.N.Y. 2009) (citation omitted). Thus, the Court "must determine from the record before [it] whether the defendants can establish a basis for . . . diversity . . . jurisdiction." *United Food & Commercial Workers Union, Local 919, AFL-CIO*, 30 F.3d at 301.

Here, the Notice asserts that Webb is a citizen of either Michigan or Illinois[3] and The Board Administration, Inc., is a citizen of New York. (Not. Rem. at 1–2.) With respect to Defendants, the Notice states that Harrison and Johnson are citizens of Maryland, and Mitchell and Hill are citizens of the District of Columbia. (*Id.* at 2.) Therefore, taking those assertions as true – and

---

[3] Defendants allege that Webb is a citizen of Michigan in paragraph 1 of the Notice and a citizen of Illinois in paragraph 2 of the Notice. (Not. Rem. ¶¶ 1–2; *see also* Not. Rem. Ex. C, Aff. of Santrise Webb, dated June 24, 2014, ¶ 64 (identifying Chicago as Plaintiff Webb's place of residence).) Regardless of whether Webb is a citizen of Michigan or Illinois, citizenship in either state would be sufficient to support complete diversity between Plaintiffs and Defendants.

4

Plaintiffs offer no evidence to the contrary – it is clear that there is complete diversity of citizenship between Plaintiffs and Defendants. *See Herrick Co.*, 251 F.3d at 322.

Plaintiffs next contend that the amount-in-controversy requirement has not been satisfied because they have not sought "any specific amount [of damages] . . . and contrary to the Defendants' assertion, there is no specific amount demanded in the Complaint." (Mem. at 7.) Where removal is premised on the existence of diversity jurisdiction, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy . . . ." 28 U.S.C. § 1446(c)(2). However, where the initial pleading either seeks nonmonetary relief or does not seek a specific sum of damages, removal of the action is nonetheless proper where "the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]," and the other requirements of diversity jurisdiction under § 1332 are met. *Id.* § 1446(c)(2)(B); *see also* 28 U.S.C. § 1332(a). Under such a scenario, Defendants bear "the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000) (internal citation omitted). "To determine whether that burden has been met, [the Court must] look first to the plaintiffs' complaint and then to [the] petition for removal." *Id.* When damages are not explicitly requested, "the value of the suit's intended benefit or the value of the right being protected or the injury being averted constitutes the amount in controversy." *Kheel v. Port of New York Auth.*, 457 F.2d 46, 49 (2d Cir. 1972) (citations and internal quotation marks omitted) (addressing 28 U.S.C. § 1331's former amount-in-controversy requirement).

Here, in the initial summons with notice filed on May 30, 2014, Plaintiffs requested damages of $1,000,000, which far exceeds the $75,000 threshold set by § 1332(a). (Mem. Ex. A

at 2.) Plaintiffs subsequently filed an amended summons with notice and complaint on June 23, 2014, omitting any specific amount of damages sought but asserting that Webb "had personally infused into the business close to $300,000.00 of her personal capital." (Mem. Ex. E ¶ 38.) Plaintiffs argue that this capital contribution amount was "included only to establish [Webb's] claim of ownership in the company." (Mem. at 8). In addition to the $300,000 capital investment, Plaintiff Webb also seeks "a salary that she did not receive." (Mem. Ex. E ¶ 42.) In light of the potential damages, which if awarded, could reasonably include the return of Plaintiff Webb's supposed $300,000 capital investment, the Court has little difficulty finding that Defendants have met their burden of establishing by a preponderance of the evidence that there is a reasonable probability that the amount in controversy in this action exceeds $75,000. Therefore, the Court finds that an exercise of diversity jurisdiction in this action is proper.

B. Timeliness of Removal

Plaintiffs contend that Defendants' removal of this action to federal court was untimely because Defendants failed to remove within thirty days of Defendants' counsel's receipt, via FedEx, of the initial summons with notice on June 4, 2014. (Mem. at 10–12.) However, as explained below, Defendants removed in a timely fashion after being served with the amended summons and complaint on June 26, 2014.

"The notice of removal of a civil action or proceeding [must] be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1);

*see also id.* § 1446(b)(3) ("[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."). In a case dealing with the interaction between § 1446(b) and New York law – which permits the commencement of an action by filing a summons with notice, *see* N.Y. C.P.L.R. § 304 – the Second Circuit found that "[t]he history and text of section 1446(b) clearly make the defendant's receipt of 'the initial pleading' the relevant triggering event, which is any pleading (and not necessarily the complaint) containing sufficient information to enable the defendant to intelligently ascertain the basis for removal," *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 198 (2d Cir. 2001). Such an initial pleading must "enable[] the defendant to intelligently ascertain removability from [its face] . . . , [and it meets that requirement when it] provides the necessary facts to support the removal petition." *Id.* at 205–06 (internal citations and quotation marks omitted). "In cases where removal is based upon diversity, the facts required to support the removal petition include the amount in controversy and *the address of each party.*" *Id.* at 206 (emphasis added) (citation omitted).

Here, Plaintiffs filed the initial summons with notice on May 30, 2014. (Mem. at 2; *id.* Ex. A.) That pleading, however, did not include Plaintiffs' addresses and, consequently, did not "enable[] the defendant to intelligently ascertain removability from [its face] . . . ." *Whitaker*, 261 F.3d at 205–06 (citation and internal quotation marks omitted). Therefore, irrespective of whether Defendants received the initial summons with notice through proper service – which the Court need not decide – the thirty-day clock for removal did not begin to run following Defendants' receipt of that pleading. Thereafter, Plaintiffs filed an amended summons with notice, which again

7

omitted Plaintiffs' addresses, and filed a complaint, both of which were dated June 23, 2014. (Not. Rem. Exs. B, D.) Although the complaint similarly omitted Plaintiffs' addresses, it contained substantially more information about Plaintiffs, including the fact that the corporate Plaintiff – The Board Administration, Inc. – is "organized and existing under the laws of New York with offices in New York, Michigan, Illinois and California." (Not. Rem. Ex. D. ¶ 10.) Plaintiffs then effected service of the amended summons with notice and complaint on Defendants' counsel on June 26, 2014. (See Not. Rem. at 2; Mem. at 3; id. Ex. F.)[4] Thus, even assuming that proper service of the complaint on Defendants occurred on June 23, 2014, Defendants filed the Notice on July 16, 2014 – within thirty days of receipt of the complaint. Therefore, the Court finds that Defendants complied with the timing requirements of § 1446 and rejects Plaintiffs' contention that Defendants' Notice was untimely.

## C. Waiver

Lastly, Plaintiffs argue that Defendants waived their right of removal by seeking affirmative relief in state court. Specifically, Plaintiffs contend that Defendants' response to an order to show cause issued in state court – which sought not only to vacate the temporary restraining order entered by that court on July 15, 2014, but also sought, in the alternative, interim injunctive relief against Plaintiffs (Mem. Ex. H) – effected a waiver of Defendants' right to remove the action to federal court. (Mem. at 9–10.)

Plaintiffs offer scant legal support for the proposition that seeking affirmative relief in state court will lead to a waiver of a defendant's right to remove a case to federal court. (See Mem. at

---

[4] Defendants also personally served Defendant Harrison and his counsel with the amended summons with notice on June 25, 2014. (Mem. Ex. F.)

8

9–10.) Plaintiffs' omission is unsurprising given the dearth of germane legal authority. According to Wright and Miller, "[a] defendant's conduct in defending the state court action prior to the end of the two statutory 30-day periods established by Section 1446(b) will not constitute a waiver of the right to remove." 14C Wright & Miller § 3731 (footnote omitted). One district court in this Circuit, albeit in dicta, has suggested that "defendants who have filed a removal petition within the thirty-day limit may nevertheless waive their right to remove where they demonstrate an intention to litigate in the state forum." *Hill v. Citicorp*, 804 F. Supp. 514, 517 (S.D.N.Y. 1992). According to the *Hill* court, such an intent to litigate in state court "is shown where defendants take affirmative action in state court, such as initiating motion practice, not where their action in state court is merely defensive, such as responding to an ex parte order to show cause." *Id.* (citing *Heafitz v. Interfirst Bank of Dallas*, 711 F. Supp. 92, 96 (S.D.N.Y. 1989)). And other cases in the Second Circuit have taken the view that a waiver of the right to remove an action to federal court must be "clear and unequivocal," *see, e.g., Dri Mark Prods., Inc. v. Meyercord Co.*, 194 F. Supp. 536, 537 (S.D.N.Y. 1961), although more recent decisions exploring this "clear and unequivocal" waiver requirement have arisen largely in the context of a contractual waiver of the right to remove via a forum selection clause, *see, e.g., Yakin v. Tyler Hill Corp.*, 566 F.3d 72, 75–76 (2d Cir. 2009); *JP Morgan Chase Bank, N.A. v. Reijtenbagh*, 611 F. Supp. 2d 389, 390 (S.D.N.Y. 2009).

Insofar as a party can, in fact, waive the right of removal through actions taken in state court, the conduct of Defendants here does not constitute such a waiver. In seeking to vacate the temporary restraining order issued by the state court, Defendants sought the following alternative relief:

> [T]his court should enter an order staying the transfer of any monies for royalties from any third party, . . . and set this matter down for an evidentiary hearing to

9

> provide clear and convincing evidence that the Defendants, one Lee and Plaintiff Webb are the rightful owners of The Board Administration, LLC, and that The Board Administration, Inc. has no right to any royalties payable to The Board Administration, LLC, and that Defendants are entitled to damages in connection with any amounts paid to Plaintiffs pursuant to the TRO entered on July 15, 2014 . . . .

(Mem. Ex. H.) Defendants were in a defensive posture at this stage of the state court litigation by virtue of the temporary restraining order entered against them, and the relief sought by Defendants was interim in nature since Defendants sought only an order staying the transfer of funds received from third parties for royalty payments. That request for relief, if granted, would not have resulted in a final adjudication on the merits in Defendants' favor, nor was it the functional equivalent of a dispositive motion seeking a resolution of the merits. Moreover, prior to seeking the entry of an order staying the transfer of funds received from third parties for royalty payments, Defendants had demonstrated an intent and desire to remove the action to federal court. On July 10, 2014, Defendants sought to remove this action to federal court; however, the notice of removal was not processed at that time because Defendants failed to file the appropriate paperwork with the request, and the Clerk of the Court ultimately processed the notice of removal on July 16, 2014. (*See* Doc. No. 1; Opp'n at 4 n.5.)

Therefore, the Court finds that Defendants have not evidenced the kind of "clear and unequivocal" intent necessary to effect a waiver of the right of removal. To the contrary, Defendants timely sought removal while also resisting the entry of a temporary restraining order and seeking interim, alternative injunctive relief.

IV. CONCLUSION

For the reasons set forth above, the Court finds that the requirements of diversity jurisdiction have been met, Defendants' Notice was timely, and Defendants have not waived their

10

right of removal under 28 U.S.C. § 1446. Accordingly, IT IS HEREBY ORDERED THAT Plaintiffs' motion to remand this action to state court is DENIED. IT IS FURTHER ORDERED THAT Plaintiffs shall file an amended complaint conforming to the Federal Rules of Civil Procedure by February 20, 2015.

IT IS FURTHER ORDERED THAT the parties shall appear for an initial status conference on Friday, March 6, 2015 at 11:00 a.m. in Courtroom 905 of the Thurgood Marshall United States District Court for the Southern District of New York, 40 Foley Square, New York, New York.

IT IS FURTHER ORDERED that, by February 27, 2015 at 4:00 p.m., the parties shall jointly submit a letter, not to exceed five (5) pages, providing the following information in separate paragraphs:

(1) A brief statement of the nature of the action and the principal defenses thereto;

(2) A brief explanation of why jurisdiction and venue lie in this Court;

(3) A brief description of all outstanding motions and/or outstanding requests to file motions;

(4) A brief description of any discovery that has already taken place, and that which will be necessary for the parties to engage in meaningful settlement negotiations;

(5) A list of all prior settlement discussions, including the date, the parties involved, and the approximate duration of such discussions, if any;

(6) The estimated length of trial; and

(7)     Any other information that you believe may assist this Court in resolving this action.

IT IS FURTHER ORDERED THAT, by February 27, 2015 at 4:00 p.m., the parties shall submit to the Court a proposed case management plan and scheduling order. A template for the order is available at: http://www.nysd.uscourts.gov/cases/show.php?db=judge_info&id=1059.

The status letter and the proposed case management plan should be filed on ECF and emailed to my chambers at the following email address: sullivanNYSDchambers@nysd.uscourts.gov. Please consult my Individual Rules with respect to communications with chambers and related matters.

The Clerk of Court is respectfully directed to terminate the motion pending at docket entry 13.

SO ORDERED.

Dated:   February 5, 2015
         New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE